IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GENARO ABURTO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL CASE NO. 3:20-cv-12-ECM |
| ) | (WO) |
| RALPH EDMOND OATES and ) | |
| PRIME INSURANCE CO., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before this action is Defendant Ralph Edmond Oates' motion to quash or dismiss (doc. 4) and Plaintiff's motion to substitute J. Kaz Espy as administrator of the Estate of Ralph Edmond Oates (doc. 9).

Plaintiff Genaro Aburto ("Aburto") alleges that, on January 8, 2018, he was in a car accident with Defendant Ralph Edmond Oates ("Oates") in Valley, Alabama. Aburto initiated this suit on November 18, 2019, in the Circuit Court of Chambers County, Alabama, alleging that he was injured as the result of Oates' negligence or wantonness and seeks a judgment awarding him compensatory and punitive damages. Aburto also alleges that Defendant Prime Insurance Company, Inc. ("Prime Insurance"), who insured Oates, failed to pay underinsurance motorist benefits to him.

On January 7, 2020, Prime Insurance removed this case from state court on the basis of diversity jurisdiction. 28 U.S.C. § 1332 and § 1441. On January 10, 2020, counsel for Oates by "special appearance," filed a consent to removal and a motion to quash or dismiss

(doc. 4). Oates died on November 9, 2019, nine days before Aburto filed suit in state court. According to counsel, because "Oates was already deceased, [] there is no viable person or entity known as "Ralph Edmond Oates" capable of being sued." (*Id*. at 1). Counsel further argues that the suit against Oates is a nullity and should be dismissed. (*Id*. at 2). In the alternative, counsel asserts that service of process should be quashed because Oates was deceased, and service was made on his sister.

In response to the motion to quash or dismiss, Aburto filed a motion pursuant to Fed. R. Civ. P. 25 seeking to substitute J. Kaz Espy ("Espy") as the Administrator of the Estate of Oates (Doc. 9). Espy was appointed as administrator of Oates' estate on March 10, 2020. Counsel for Oates and Prime Insurance oppose the motion to substitute. The motions are fully briefed and ripe for resolution. Upon consideration of the record, the applicable law, and for the reasons that follow, the Court concludes that the motion to substitute is due to be GRANTED, and the motion to quash or dismiss (doc. 4) is due to be DENIED as moot.

## DISCUSSION

Counsel for Oates asserts that under Alabama law, when a person dies prior to the initiation of an action, the action as to the decedent is a "nullity." *See A.E. v. M.C.*, 100 So. 3d 587, 595 (Ala. Civ. App. 2012). He also argues that Rule 25 does not apply because Oates was not a party at the time of his death, and that the estate did not exist at the time of the filing of the lawsuit so it cannot be substituted as a defendant. Aburto, on the other hand, asserts that this tort action survives Oates' death, and substitution of a personal representative is appropriate. (Doc. 12).

2

Rule 25 governs substitution of parties in the event of death. Fed. R. Civ. P. 25(a). "If a party dies and the claim is not extinguished, the court may order substitution of the proper party." *Id*. However, Rule 25 is a procedural rule. Because this case is before the Court on diversity jurisdiction, the Court applies Alabama substantive law to determine whether Aburto's claims against Oates survives his death. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Palm Beach Gold Center-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1259 (11th Cir. 2015); *Bravo v. United States*, 577 F.3d 1324, 1325 (11th Cir. 2009).

Relying on cases from the Alabama Court of Civil Appeals, counsel for Oates asserts that "proceedings instituted against an individual who is deceased as the time of the filing of suit are a nullity." *Maclin v. Congo*, 106 So. 3d 405, 408 (Ala. Civ. App. 2012). Oates is correct that, according to the Alabama Court of Civil Appeals in certain cases, proceedings filed against deceased individuals "are void *ab initio* and do not invoke the jurisdiction of the trial court." *A.E.*, 100 So. 3d at 595.

The problem with Oates' argument, however, is that here, this Court is bound by the law as stated by the Alabama Supreme Court when it has spoken on an issue. *Pincus v. American Traffic Solutions, Inc.*, 986 F.3d 1305, 1310 (11th Cir. Feb. 2, 2021); *World Harvest Church, Inc. v. Guideone Mut. Ins. Co.*, 586 F.3d 950, 957 (11th Cir. 2009). The Alabama Supreme Court has held that "personal-injury claims survive against the personal representative of a deceased tortfeasor, even when no action has yet been filed." *Nelson v. Estate of Frederick*, 855 So. 2d 1043, 1047 (Ala. 2003)(referencing ALA. CODE § 6-5-462). Indeed, under Alabama's survival statute,

3

> [i]n all proceedings not of an equitable nature, all claims upon which an action has been filed and all claims upon which no action has been filed on a contract, express or implied, and all personal claims upon which an action has been filed, except for injuries to the reputation, survive in favor of and against personal representatives; and *all personal claims upon which no action has been filed survive against the personal representative of a deceased tort-feasor*.

ALA. CODE § 6-5-462 (emphasis added).

Thus, even though Oates died before this lawsuit was filed, because Aburto's claims against him sound in tort, they survive against his personal representative. *Nelson*, 855 So. 3d at 1047. *See also Mitchell v. Thornley*, 98 So. 3d 556, 557 (Ala. Civ. App. 2012). Consequently, notwithstanding the Alabama Court of Civil Appeals' rulings to the contrary, the Court concludes that, pursuant to Alabama Supreme Court precedent and statutory law, Aburto's claims against Oates were not extinguished by his death.

Rule 25 also requires that a motion to substitute be filed within 90 days of the notification of death, and that the motion be served on the parties. Fed. R. Civ. P. 25(a)(1) and (3). Oates' death certificate was filed in this Court on January 10, 2020. (Doc. 4-1). On March 24, 2020, Aburto filed a motion to substitute Espy as the Administrator of the Estate of Oates. (Doc. 9). The motion to substitute was timely filed, and there is no dispute that Espy is properly appointed as Administrator for Oates' estate. Consequently, the Court concludes that Aburto has complied with Fed. R. Civ. P. 25, and substitution of Espy as Administrator of the Estate of Ralph Oates is proper.

Because Espy will be substituted and served in accordance with the Federal Rules of Civil Procedure, the motion to quash or dismiss (doc. 4) is due to be denied as moot.

## CONCLUSION

Accordingly, for the reasons as stated, and for good cause, it is

ORDERED that and the motion to substitute (doc. 9) is GRANTED, and J. Kaz Espy as Administrator of the Estate of Ralph Edmond Oates is substituted as Defendant for Oates. The Plaintiff shall effectuate service on this Defendant within fourteen days of the date of this Order. It is further

ORDERED that the motion to quash or dismiss (doc. 4) is DENIED as moot.

DONE this 12th day of March, 2021.

                                                /s/ Emily C. Marks
                                         EMILY C. MARKS
                                         CHIEF UNITED STATES DISTRICT JUDGE