IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| GENARO ABURTO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL CASE NO. 3:20-cv-12-ECM |
| | ) | (WO) |
| J. KAZ ESPY, as Administrator | ) | |
| of the Estate of Ralph Edmond Oates, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION and ORDER

### I.  INTRODUCTION

Now pending before the Court is a Motion for Partial Summary Judgment filed by Defendant J. Kaz Espy ("Espy"), as the administrator of the estate of Ralph Edmond Oates ("Oates"). (Doc. 41).  This case arises out of a two-vehicle collision which occurred when Oates' vehicle struck a tractor-trailer operated by Plaintiff Genaro Aburto ("Aburto") on January 8, 2018.  Aburto brings claims against Oates' estate, alleging negligence and wantonness.  Espy asserts that partial summary judgment is due to be granted on the wantonness claim.  Based on a thorough review of the record, the briefs, and the law, for the reasons to be discussed, the Court concludes that the motion for partial summary judgment is due to be GRANTED.

## II.  JURISDICTION

The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.  The parties do not contest personal jurisdiction or venue, and the Court concludes that venue properly lies in the Middle District of Alabama. *See* 28 U.S.C. § 1391.

## III.  STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).  A "genuine" dispute of fact exists "if the record as a whole could lead a reasonable trier of fact to find for the nonmoving party." *Redwing Carriers, Inc. v. Saraland Apartments*, 94 F.3d 1489, 1496 (11th Cir. 1996).  An issue of fact is "material" if it could "affect the outcome of the case under the governing law." *Id.*  The movant bears the initial burden to identify evidence showing no genuine dispute of material fact remains, or that the non-moving party has failed to present evidence in support of some element of his case on which he bears the ultimate burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  If the movant satisfies this burden, then the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts," and they do so by citing to particular parts of the record or by showing the cited materials do not establish the presence or absence of a genuine dispute. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); Fed. R. Civ. P. 56(c)(1).  If the non-movant fails to support their version of the facts or to properly address the movant's version

of the facts as required by Rule 56(c), then the court may "consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2).

At the summary judgment stage, the Court must view all evidence in the light most favorable to the non-movant and draw all justifiable inferences from the evidence in the non-movant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  However, "unsubstantiated assertions alone are not enough to withstand a motion for summary judgment." *Sprowl v. Mercedes-Benz U.S. Int'l, Inc.*, 815 F. App'x 473, 478 (11th Cir. 2020) (quoting *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1529 (11th Cir. 1987)).

## IV.  FACTS

On January 8, 2018, at approximately 6:10 p.m., a four-door sedan driven by Oates was merging northbound onto Interstate 85 near Exit 79 in Chambers County, Alabama. The conditions on the road that evening were dark, foggy, and drizzling, such that Aburto had to use windshield wipers.  Oates and Aburto both had their lights on.  Aburto was driving a commercial tractor-trailer in the right lane of the two-lane interstate as Oates began merging onto the interstate from the right side.

Aburto did not see Oates' vehicle on the on-ramp until the vehicle was very close to his truck's right fuel tank.  At that point, it was too late for Aburto to slow down or move to the left lane due to traffic on either side.  Aburto then heard Oates, who was driving on the interstate's shoulder at this point, rev his engine and attempt to speed ahead of Aburto's truck.  Aburto described Oates' speed as he passed him as "flying very, very fast."  The

back of Oates' vehicle struck the front tractor section of Aburto's tractor-trailer, causing Oates to spin off the interstate and crash into a tree.

Aburto's tractor-trailer suffered minor damages—scrapes on the passenger-side wheel-well and fender, and a jammed aluminum step; Aburto was able to drive away from the scene with no mechanical issue.  Oates passed away from causes unrelated to the accident, and the only evidence supplied in this action that describes the accident is Aburto's deposition testimony and photos taken of Oates' vehicle after the accident.  No photos were taken of Aburto's tractor-trailer, and Oates' account of the accident was never recorded.

## V.  DISCUSSION

Aburto asserts two causes of action against Oates' estate:  (1) negligence and (2) wantonness.  Espy, as administrator, moves for summary judgment on the wantonness claim.  Alabama law defines wantonness as "[c]onduct which is carried on with a reckless or conscious disregard of the rights or safety of others."  ALA. CODE § 6-11-20(b)(3).  Wantonness, according to the Alabama Supreme Court, is "the conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result."  *Imperial Aluminum-Scottsboro, LLC v. Taylor*, 295 So. 3d 51, 65 (Ala. 2019) (citation omitted).  To prove wantonness, a plaintiff need not "prove that the defendant entertained a specific design or intent to injure the plaintiff," *id.* (citation omitted); rather, "it is enough

that he knows that a strong possibility exists that others may rightfully come within that zone [of danger]," *Thomas v. Heard*, 256 So. 3d 644, 656 (Ala. 2017) (citation omitted).

Wantonness is a high standard of culpability, "not merely a higher degree of culpability than negligence." *Thomas*, 256 So. 3d at 656 (citation omitted).  Negligence, on one hand, "is usually characterized as an inattention, thoughtlessness, or heedlessness, a lack of due care." *Id.* (citation omitted).  Wantonness, on the other hand, is characterized by "a conscious act[,] . . . the state of mind with which the act or omission is done or omitted." *Id.* (citation omitted).  Summary judgment may be granted on a wantonness claim if there is "a total lack of evidence from which the jury could . . . reasonably infer[] wantonness." *Boyd v. Sears Roebuck and Co.*, 642 So. 2d 949, 951 (Ala. 1994).

Espy argues that there is insufficient evidence that Oates acted with a reckless disregard of Aburto's safety or injury that would likely result from his actions that day.  In support of his wantonness claim, Aburto offers evidence that Oates collided with his vehicle while attempting to enter the interstate traveling at a high rate of speed in dark, rainy, and foggy conditions.  Aburto asserts that the fact that Oates' vehicle was driving very fast in dangerous conditions is sufficient to present the wantonness issue to a jury.

The Court finds this evidence insufficient to raise the inference that Oates acted with conscious or reckless disregard of the safety of others. ALA. CODE § 6-11-20-(b)(3).  Any inference of wantonness in this case would be pure "speculation," which is insufficient "to overcome a motion for summary judgment." *Sprowl*, 815 F. App'x at 478; *see also Askew v. R & L Transfer, Inc.*, 676 F. Supp. 2d 1298, 1302 (M.D. Ala. 2009) (granting summary

5

Case 3:20-cv-00012-ECM-CWB   Document 45   Filed 10/21/22   Page 6 of 8


judgment because, although driving in foggy conditions, there was no evidence that defendant saw the car before colliding with it, nor that he "was driving at a great, or otherwise unsafe, speed, was using drugs or alcohol, [or] ignored traffic signals"); *Davis as Next Friend J.W. v. Grant*, 2022 WL 1557377, at *10 (S.D. Ala. May 17, 2022) (granting summary judgment because evidence only showed that defendant sped around a curve and was fatigued but not that he knew he was fatigued); *Malish v. Hurst*, 2019 WL 922251, at *6 (M.D. Ala. Jan. 24, 2019) (granting summary judgment because no evidence indicated defendant "knew that her actions would likely or probably cause injury to another, or that she acted with reckless disregard for the same").

The cases cited by Aburto do not support the proposition that, absent evidence of a conscious disregard for the safety of others, a jury could infer conscious or reckless behavior, under these facts, sufficient to bring a wantonness claim before a jury.[1] Aburto does not provide any evidence of Oates' state of mind leading up to the collision, that he knew of the danger, and that he chose to recklessly disregard the danger.

---

[1]  *See, e.g.*, *Hagen v. Pelletier*, 2019 WL 4894544, at *5 (N.D. Ala. Oct. 2, 2019) (evidence driver "*intentionally* accelerated and braked through turns, causing the truck to fishtail and skid" (emphasis added)); *Johnson v. Baldwin*, 584 F. Supp. 2d 1322, 1327 (M.D. Ala. 2008) (evidence defendant *knew* she was driving backwards in a driving lane, *knowing* that it was incredibly dangerous to do so and likely would result in injury); *Clark v. Black*, 630 So. 2d 1012, 1016 (Ala. 1993) (evidence that the driver was *familiar* with the dangers of the intersection and *chose* to ignore the stop sign); *Sellers v. Sexton*, 576 So. 2d 172, 175 (Ala. 1991) (evidence that driver *knew* that a bridge had a wide curve that obstructed her view of oncoming traffic and *should have known* the road had loose rocks and stones); *McDougle v. Shaddrix*, 534 So. 2d 228, 232 (Ala. 1988) (evidence driver *looked at* the truck before pulling dangerously in front of it); *Burns v. Moore*, 494 So. 2d 4, 6 (Ala. 1986) (evidence driver "*was familiar* with the road, and *was aware* that the residents of the neighborhood, including small children, often walked along this road" (emphasis added)).

6

Rather, this case appears to be "more akin to those cases in which a driver commits an error in judgment . . . [trying] to beat the traffic but commit[ing] an error in judgment resulting in the accident." *Waters v. Hall*, 2021 WL 770415, at *9–10 (S.D. Ala. Feb. 26, 2021); *see also Malish*, 2019 WL 922251, at *6 (finding "[i]t is possible that [defendant's] conduct was ill-advised and *potentially* negligent," but not wanton (emphasis in original)); *Allen v. Con-Way Truckload, Inc.*, 2012 WL 3775735, at *3 (N.D. Ala. Aug. 23, 2012) (finding the fact that the defendant rear ended plaintiff amounted to a failure to maintain a proper lookout which, without more, did not rise to wantonness); *Craft v. Triumph Logistics, Inc.*, 107 F. Supp. 3d 1218, 1221 (M.D. Ala. 2015) ("If mere inattention, *without something more that contributes to the accident*, that is, *without some exacerbating circumstance*, could constitute wantonness, then the concepts of negligence and wantonness would collapse into one." (emphasis in original)).  This case presents a "total lack of evidence from which the jury could" reasonably infer wantonness. *Boyd*, 642 So. 2d at 951.  Therefore, no genuine issue of fact remains as to wantonness, and summary judgment is due to be GRANTED in favor of Espy on Aburto's wantonness claim.[2]

---

[2] To the extent that Aburto asks for additional discovery or an extension of time to conduct discovery (*see* doc. 44-1 at 2), any such request is inappropriate because a summary judgment responsive brief is not the proper vehicle through which to file a motion.  Further, the discovery deadline was July 22, 2022, and had been extended multiple times.  Aburto makes no attempt to explain why he was unable to complete discovery within the time set forth by the Court; thus, the motion is DENIED.  And to the extent that Aburto objects to the introduction of evidence into the record (*see* doc. 44-1 at 2), any such objection is not properly supported with citation to authority or analysis.  The Court declines to undertake this task and the motion is DENIED.

## VI.  CONCLUSION

Accordingly, and for good cause, it is

ORDERED  that  Espy's  motion  for  partial  summary  judgment,  (doc.  41),  is

GRANTED, and Plaintiff's wantonness claim is DISMISSED.  It is further

ORDERED that Plaintiff's motions for additional discovery or an extension of time

and objection to introducing evidence (doc. 44-1 at 2) are DENIED.

Done this 21st day of October, 2022.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE
