**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **GENARO ABURTO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:  3:20–CV–12–ECM-CWB** |
| | ) | |
| **J. KAZ ESPY, AS PERSONAL** | ) | |
| **REPRESENTATIVE OF THE ESTATE** | ) | |
| **OF RALPH EDMOND OATES,** | ) | |
| **DECEASED, AND PRIME INSURANCE** | ) | |
| **COMPANY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

**DEFENDANT'S MOTION  IN LIMINE**

---

COMES NOW Defendant, J. Kaz Espy, As Personal Representative of the Estate of Ralph Edmond Oates, by and through undersigned counsel, and respectfully moves this Honorable Court for an Order in Limine to prohibit evidence, argument, or mention of the following items:

1.      <u>Financial Status of the Parties</u>. During the course of trial, Plaintiff, Plaintiff's attorney, or Plaintiff's witnesses may refer to or attempt to use testimony or evidence of the wealth or poverty of the Plaintiff or another party to this litigation. Reference to the wealth or economic condition of any party is improper, unfairly prejudicial, and would merit a new trial. <u>Holt v. State Farm Mut. Automobile Ins. Co.</u>, 507 So. 2d 388 (Ala. 1986). Therefore, this Defendant requests the Court enter an Order in Limine prohibiting testimony or argument of the financial condition of the parties.

2.      <u>Medical Treatment Absent Expert Testimony.</u> The Plaintiff may attempt to refer to, or use, medical treatment, medical treatment records and medical bills that lack a proper foundation

for admission and would not be admissible because they have not been testified to by competent

medical testimony that Plaintiff's treatment was medically necessary or that Plaintiff's treatment

was directly related to injuries sustained in the incident complained of. Such expert testimony is

required for introduction or admissibility. Therefore, this Defendant requests the Court enter an

Order in Limine prohibiting mention or use by Plaintiff or Plaintiff's witnesses of any medical

treatment, medical treatment records, and medical bills for which a proper evidentiary foundation

has not been made, as evidence of Plaintiff's damages, or for any other purpose.

3.       Medical Bills Absent Expert Testimony. The Plaintiff may attempt to refer to, or

use, medical treatment records and medical bills, that have not been properly authenticated by

competent testimony or tangible evidence. The law requires expert testimony to support medical

bills being introduced into evidence.  Therefore, this Defendant requests the Court enter an Order

in Limine prohibiting mention or use by Plaintiff or Plaintiff's witnesses of any medical treatment

records and medical bills which have not been authenticated, as evidence of Plaintiff's damages,

or for any other purpose.

4.       Speculative Future Medical Treatment and Expenses. Plaintiff, Plaintiff's attorney,

or Plaintiff's witnesses may refer to speculative future medical treatment. Under Alabama law

there can be no recovery for speculative future medical treatment and expenses. Torsch v. McLeod,

665 So. 2d 934, 940 (Ala. 1995). Medical testimony or speculation as to causation and future

medical expenses is not substantial evidence to meet the Plaintiff's burden of proof. Kyser v.

Harrison, 908 So. 2d 914, 922 (Ala. 2005). See also, Ex Parte Diversey Corp.,742 So. 2d 1250

(Ala. 1999). Since speculation and conjecture as to the Plaintiff's possible future medical treatment

and expenses is thus not probative, it is neither relevant nor material to proof of the Plaintiff's

claims, and thus not admissible pursuant to Rules 401 and 402 of the Federal Rules of Evidence.

In addition, such testimony by Plaintiff's medical care providers, or other witnesses, bears the significant danger of unfair prejudice, confusion of the issues, or misleading the jury, that substantially outweighs any minimal probative value it may have and should be excluded pursuant to Rule 403.

Therefore, this Defendant requests the Court enter an Order in Limine prohibiting testimony or argument concerning any future medical treatment, medical diagnoses, or medical expenses, for which the necessary evidentiary predicate has not been established or which are based on speculation.

5.      <u>Evidence of Bills Not Incurred</u>. Plaintiff or Plaintiff's attorney may attempt to refer to, or use, medical bills or amounts of bills not incurred by the Plaintiff. This would be contrary to the Court's holding in <u>Melvin v. Loats</u>, 23 So. 3d 666 (Ala. Civ. App. 2009). Therefore, this Defendant requests the Court to enter an Order in Limine prohibiting the Plaintiff from claiming damages previously satisfied by a collateral source in keeping with <u>Melvin v. Loats</u>.

6.      <u>Offers of Compromise or Settlement</u>.  Plaintiff may attempt to refer to, or use, offers of compromise or settlement of this lawsuit in the trial of this case. Testimony or argument concerning offers of compromise or settlement are clearly inadmissible pursuant to Rule 408 of the Alabama Rules of Evidence. <u>Norfolk Southern R.R. v. Thompson</u>, 679 So. 2d 689, 693-94 (Ala. 1996). Mention of any settlement offers or negotiations would be highly and unfairly prejudicial, would create substantial juror bias that could not be overcome by a curative instruction, and would be grounds for a mistrial.  Therefore, this Defendant requests the Court enter an Order in Limine prohibiting mention or argument of any offers of compromise or settlement.

7.      <u>Driving Record.</u> During the course of trial, the Plaintiff may attempt to mention, or use, the tortfeasor's driving record. Evidence of prior accidents or driving violations, if any exist,

is not admissible to prove negligence in the accident made the basis of this suit and is highly prejudicial. The prejudicial effect of such evidence would clearly and heavily outweigh any probative value. Accordingly, evidence of another party's driving record is inadmissible under Rules 401, 403, and 404(b), Federal Rules of Evidence, in the case sub judice for any use whatsoever. This Defendant requests the Court enter an Order in Limine prohibiting mention, or use, by the Plaintiff or Plaintiff's witnesses of any party's driving record, as evidence of negligence, or liability, as evidence of Plaintiff's damages, or for any other purpose.

8.      Accident Report. Plaintiff may attempt to refer to or use the accident report prepared related to this accident in order to have some of the hearsay evidence contained within that accident report enter before the jury. Alabama Code 32-10-11 specifically prohibits the introduction of any accident report at trial. ("no such report shall be used as evidence in any trial, civil or criminal, arising out of an accident...."). Further, the accident report constitutes inadmissible hearsay. See Fed. R. Evid. 801, 802, and 805. Therefore, this Defendant requests the Court enter an Order in Limine prohibiting mention or use by the Plaintiff or the Plaintiff's witnesses of the accident report in this matter or any facts or testimony contained within that accident report as evidence of negligence, or liability or for any other purpose.

9.      Should the Plaintiff, or any party, attempt at trial to bring the above-described matters before the jury, a timely objection would be appropriate and sustained. The prejudicial aspect of the above-described matters, however, outweighs allowing a timely objection as the mere mention of these matters raises the distinct possibility that these matters could mislead, confuse, and prejudice the jury against this Defendant.

10.      Therefore, the proper measure to prevent unfairly influencing the jury with these matters is an Order in Limine ordering the parties and the parties' witnesses to refrain from any

mention of the matters discussed in Paragraphs 1 through 8 supra, and to refrain from attempting

to use or introduce any physical evidence concerning any of the matters discussed in Paragraphs 1

through 8, supra.

WHEREFORE, premises considered, Defendant Autrey Sewell, respectfully prays this

Honorable Court grant this motion for an Order in Limine.

*/s/ M. Andrew Donaldson*
ALEX L. HOLTSFORD, JR. (HOL048)
M. ANDREW DONALDSON (DON024)
Attorneys for Defendant J. Kaz Espy, As
Administrator of the Estate of Ralph Edmond Oates

OF COUNSEL:
Holtsford Gilliland Hitson Howard
Stevens Tuley & Savarese, P.C.
PO Box 4128
Montgomery, AL 36103-4128
Phone:          334-215-8585
Fax:              334-215-7101
Email:          aholtsford@hglawpc.com
                     adonaldson@hglawpc.com

## CERTIFICATE OF SERVICE

I hereby certify that an exact copy of the foregoing instrument has been served (a) through

the Court's e-filing system; (b) by placing a copy of the same in the United States Mail, postage

prepaid and properly addressed; and/or (c) by personal/firm email to the following attorneys:

C. Elizabeth Littell Courson
Christina D. Crow
JINKS CROW & DICKSON, P.C.
Post Office Box 350
219 North Prairie Street
Union Springs, Alabama 36089
llittell@jinkslaw.com
ccrow@jinkslaw.com
Attorney for Plaintiff

Jonathan K. Corley
WHITTELSEY WHITTELSEY POOLE &
CORLEY, P.C.
PO Box 106
Opelika, AL 36803-0106
jcorley@wwp-law.com

This the 6th day of January 2022.

/s/ M. Andrew Donaldson
OF COUNSEL