IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GENARO ABURTO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 3:20–CV–12–ECM-CWB |
| | ) |
| J. KAZ ESPY, AS PERSONAL | ) |
| REPRESENTATIVE OF THE | ) |
| ESTATEOF RALPH EDMOND | ) |
| OATES, DECEASED, AND | ) |
| PRIME INSURANCE COMPANY, | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S MOTIONS *IN LIMINE*

**COMES NOW** the Plaintiff, by and through the undersigned counsel, and move this honorable Court ***IN LIMINE*** to instruct, direct, and order the Defendants, their attorneys, and their witnesses not to mention, refer to, interrogate concerning, argue, or mention in any way, either directly or indirectly, during the course of the trial of this matter, any of the following matters or subjects pursuant to the Federal Rules of Evidence and Federal Rules of Civil Procedure. All witnesses called by any party shall be admonished, before testifying, outside the presence of the jury, not to refer to matters set forth below and the parties, their attorneys, and witnesses shall be precluded from making any reference to this motion or any resulting order. The Plaintiff respectfully move this Court to order that counsel for the Defendants, and through such counsel, any

and all defense witnesses be instructed by an appropriate order of this Court to refrain from making any mention in interrogation, directly or indirectly, in any manner whatsoever, either in opening statement, questioning of the witnesses, closing statements or otherwise, concerning any of the matters set forth herein.

I. STANDARD OF REVIEW

"Two fundamental principles govern the standard by which this Court reviews a trial court's rulings on the admission of evidence." *Middleton v. Lightfoot*, 885 So. 2d 111, 113 (Ala. 2003). "The first grants trial judges wide discretion to exclude or admit evidence." *Id*. (*quoting Mock v. Allen*, 783 So. 2d 828, 835 (Ala. 2000), *quoting in turn Wal-Mart Stores, Inc. v. Thompson*, 726 So. 2d 651, 655 (Ala. 1998)). However, "a trial court exceeds its discretion where it admits prejudicial evidence that has no probative value." *Baldwin County Elec. Membership Corp. v. City of Fairhope*, 999 So. 2d 448, 453 (Ala. 2008) (internal citations omitted).

"The second principle is that a judgment cannot be reversed on appeal for an error [in the improper admission of evidence] unless ... it should appear that the error complained of has probably injuriously affected substantial rights of the parties." *Baldwin County Elec. Membership Corp. v. City of Fairhope*, 999 So. 2d 448, 453 (Ala. 2008) (internal citations omitted).

II. ARGUMENT

The Plaintiff states that the matters set out below would not be admissible

as evidence for any purposes in that they have no relevance to the issues involved in this case or the rights of the parties to this action. Permitting interrogation of witnesses, statements, or comments to the jurors or prospective jurors, or offers of evidence concerning these matters would unduly prejudice the Plaintiff and sustaining objections to such questions, comments, or offers would not cure the effects of such prejudice but would rather reinforce the impact of such prejudicial matters on the jurors. Therefore, the following topics set forth *infra*, should be excluded from evidence.

1. **<u>TESTIMONY OF WITNESSES NOT PREVIOUSLY DISCLOSED AND/OR EVIDENCE NOT PREVIOUSLY PRODUCED</u>**

The Defendants should be precluded from presenting the testimony of any witnesses that have not been disclosed during the course of discovery. Likewise, the Defendants should be barred from admitting evidence that was not produced prior to trial. It would be unduly prejudicial to the Plaintiff to allow the Defendants to attempt to introduce any such testimony or evidence. *See* Fed. R. Civ. P. 403.

2. **<u>SETTLEMENT NEGOTIATIONS</u>**

Rule 408 of the Federal Rules of Evidence provides that offers to compromise, completed compromises, and conduct or statements made in the course of compromise negotiations are excluded from evidence. *See also Harris v. M & S Toyota, Inc*. 575 So. 2d 74 (Ala. 1991); *see also* C. Gamble, McElroy's

Alabama Evidence Sec. 188.01 (1) 4th Edition 1991.

3. **PLAINTIFF AND DEFENDANT OATES DRIVING HISTORIES,**

The Defendant may attempt to introduce evidence of either the Plaintiff's and/or Defendant Oates' driving records and/or evidence of any other motor vehicle accidents in which the Plaintiff, or any company for which he works, may have been involved. Such evidence would be unduly prejudicial and is not probative of the Plaintiff's conduct on the day of the incident made the basis of this lawsuit. *See* Fed. R. Civ. P. 403; 404(b).

4. **PLAINTIFF'S ALLEGED CRIMINAL HISTORY**

Any evidence of the Plaintiff's involvement in criminal proceeding(s) would be irrelevant to the case at bar, unduly prejudicial, and confusing to the jury. In order for the court to consider admissibility of criminal activity, there must be a recent (that is, not remote) conviction of a crime which was punishable by death or imprisonment in excess of one year. *See* Fed. R. Civ. P. 609.

5. **PLAINTIFF'S OTHER LAWSUITS**

To the extent the Plaintiff has been involved in any other lawsuits unrelated to the one at bar, such information is irrelevant and immaterial to any issues presented in this case. Moreover, any slight probative value of such information is outweighed by its unduly prejudicial value to the Plaintiff.

6. **MEDICAL TREATMENT RECORDS NOT PROPERLY**

**AUTHENTICATED AND NOT ESTABLISHED AS BUSINESS RECORDS**

The Plaintiff anticipates the Defendant may attempt to introduce some of the Plaintiff's medical records that have not been properly authenticated. The Defendant must first prove the authenticity of the documents sought to be admitted, (even if such records are only used for impeachment purposes), proving that the record(s) sought to be admitted are genuine and trustworthy. *See* Fed. R. Civ. P. 901(a). Further, any reference to any attorney recommending the Plaintiff to a certain healthcare provider is irrelevant and unduly prejudicial.

Additionally, all such equate to inadmissible hearsay and do not fall within any recognized exception to the hearsay rule. *See* Fed. R. Civ. P. 801. Unless a proper foundation has been laid, the Plaintiff's unauthenticated records should be precluded from evidence. *See* Charles Gamble, McElroy's Alabama Evidence § 254.01 (5th ed. 1996). Further, such records are inadmissible for impeachment purposes unless and until the proper predicate and/or foundation has been laid. *See Id*.

7. **REFERENCE TO WHEN THE PLAINTIFF SOUGHT LEGAL CONSULTATION AND/OR HIRED AN ATTORNEY**

It is anticipated that the Defendants may question the Plaintiff as to when they first contacted and/or hired an attorney. There is no conceivable relevance associated with this line of questioning.

## 8. WEALTH OF PARTIES

The Defendants should be excluded from making any reference to the wealth or financial status of the parties as this information would be irrelevant and substantially more prejudicial than probative. As such, the Plaintiff moves the Court for an Order prohibiting any Defendant, their attorneys, or their witnesses from making any comment about how a verdict for the Plaintiff in this case might impact or adversely affect the Defendants, the school system, or the county/community at large. This includes any comments or suggestion that "money cannot undo the damage caused." Such comments would be completely improper, would require the jury to speculate about matters over which they will not have been provided evidence, would be irrelevant, and would be extremely prejudicial. *See* Fed. R. Civ. P. 401; 403.

## 9. PRIVILEGED COMMUNICATIONS

The Defendants shall be precluded from referencing any communications, advice, and/or counsel provided between and/or exchanged between the Plaintiff and any of his attorneys.

## 10. ANY TESTIMONY, ARGUMENT, OPINION, OR THE LIKE AS IT TENDS TO CORRELATE ANY PROPERTY/VEHICLE DAMAGE WITH THE INJURIES SUSTAINED BY PLAINTIFF

The Defendant should be excluded from eliciting any testimony, argument, or opinion that correlates the Plaintiff's physical injuries to the physical damage of

the automobile. That testimony would require an expert opinion with specific

scientific, technical, or otherwise specialized knowledge, upon the presentation of a proper foundation of such knowledge and must assist the trier of fact before being admissible. *See* Fed. R. Civ. P. 702. As such, the Plaintiff moves the Court for an Order prohibiting any Defendant, their attorneys, or their witnesses from making any comment about the Plaintiff's injuries being related to the extent of vehicle damage. Such comments would be completely improper, would require the jury to speculate about matters over which they will not have been provided evidence, would be irrelevant, would not assist the trier of fact, and would be extremely prejudicial. *See* Fed. R. Civ. P. 401; 403.

Further, the Defendant has not identified an expert to testify as to the relationship between the transfer of energy between the vehicles involved in the collision yields any scientific or medical conclusion about whether or the extent to which the Plaintiff were injured. In the absence of evidence or testimony from medical or biomechanical experts explaining the scientific basis and methods supporting the same, any reference to the Defendants' lack of injuries would not only be improper, misleading, confusing, and speculative, but also highly prejudicial to the Plaintiff.

11. **PLAINTIFF'S MEDICAL BILLS AND RELATED SUBROGATION**

The Plaintiff objects to the admissibility of the Plaintiff's medical bills as

the Plaintiff may or may not discuss said bills during trial. *See* Ala. Code § 12-21-45.

12. **ANY STATEMENTS OR TESTIMONY FROM THE ACCIDENT REPORT OR ANY INFERENCE MADE OUT OF COURT OFFERED FOR ITS TRUTH**
    The Plaintiff anticipates the Defendants may attempt to introduce out of court statements made by the Defendant Oates regarding the accident, including but not limited to stating that the Plaintiff was driving without his lights. Plaintiff has never had the ability to cross-examine the Defendant Oates, due to his passing prior to this case being filed. Any such statement does not fall within an exception to the Hearsay Rule under Fed. R. Civ. P. 801 It would be unduly prejudicial to the Plaintiff to allow the Defendants to attempt to introduce any such testimony or evidence. See Fed. R. Civ. P. 403.

13. **ANY EVIDENCE OR STATEMENTS REGARDING THE CITIZENSHIP OF THE PLAINTIFF**
    No evidence has been introduced as to the citizenship of the plaintiff, who is in the United States legally. Any inference regarding his citizenship would be unduly burdensome, improper and highly prejudicial.

14. **ANY EVIDENCE REGARDING THESE MOTIONS *IN LIMINE* AND THE ARGUMENTS AND STATEMENTS CONTAINED HEREIN SHOULD BE EXCLUDED AS IRRELEVANT**

    The Plaintiff reserves the right to supplement these Motions *in Limine* as necessary.

Respectfully submitted this the 6th day of January 2023

                                                                            */s/C. Elizabeth Littell Courson*
                                                                            C. Elizabeth Littell Courson (ASB-5342-L75L)
                                                                            Jinks, Crow & Dickson, P.C.
                                                                            Post Office Box 350
                                                                            219 Prairie Street North
                                                                            Union Springs, Alabama 36089
                                                                            334.738.4225 Telephone
                                                                            Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

       I hereby certify that on this the 6th day of January 2023, I have served a copy of the foregoing upon the following parties via CM/ECF properly addressed as follows:

Jonathan K. Corley
WHITTELSEY & CORLEY, LLC
Post Office Box 106
Opelika, Alabama 36803–0106
Tel.:  (334) 745–7766
Fax:  (334) 745–7666
jcorley@wwp-law.com

M. Andrew Donaldson
Alex L. Holtsford, Jr.
HOLTSFORD, GILLILAND, HIGGINS, HITSON & HOWARD
Post Office Box 4128
Montgomery, Alabama 36103-4128
aholtsford@hglawpc.com
adonaldson@hglawpc.com

*/s/C. Elizabeth Littell Courson*
OF COUNSEL