IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GENARO ABURTO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL CASE NO. 3:20-cv-12-ECM |
| | ) (WO) |
| J. KAZ ESPY, as Administrator | ) |
| of the Estate of Ralph Edmond Oates, | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

Now pending before the Court are motions in limine filed by Defendant J. Kaz Espy ("Espy") (doc. 58) and Plaintiff Genaro Aburto ("Aburto") (doc. 59). Espy requests exclusion at trial of eight items. Aburto did not file an objection to any of these items. Aburto's motion requests exclusion at trial of thirteen items, but Espy only objects to two items. (Doc. 63). Accordingly, upon review of the motions, they will be granted in part and denied in part.

**II. SHARED REQUESTS**

The following requests are made by both parties, and upon review by the Court, are due to be granted. The parties ask this Court to enter an Order in Limine to prohibit evidence, argument, or mention of the following items at trial:

1.   *Financial status of the parties*

Both parties, in their respective motions in limine (docs. 58 ¶ 1 at 1; 59 ¶ 8 at 6), seek to exclude any reference to the wealth or financial condition of either party.  These motions are GRANTED.

2.   *Medical treatment that is not properly authenticated*

Both parties, in their respective motions in limine (docs. 58 ¶ 2 at 1–2; 59 ¶ 6 at 4–5), seek to exclude any reference to medical treatment without proper authentication or foundation.  These motions are GRANTED.

3.   *Settlement negotiations*

Both parties, in their respective motions in limine (docs. 58 ¶ 6 at 3; 59 ¶ 2 at 3–4), seek to exclude any reference to settlement negations or offers of compromise.  These motions are GRANTED.

4.   *Driving records*

Both parties, in their respective motions in limine (docs. 58 ¶ 7 at 3–4; 59 ¶ 3 at 4), seek to exclude any reference to the parties' driving histories.  These motions are GRANTED.

5.   *Accident report*

Both parties, in their respective motions in limine (docs. 58 ¶ 8 at 4; 59 ¶ 12 at 8), seek to exclude any reference to the accident report in this case.  These motions are GRANTED.

### III.  ESPY'S UNOPPOSED MOTION IN LIMINE

1.   *Speculative future medical treatment and expenses*

Espy, in his motion in limine (doc. 58 ¶ 4 at 2), argues that any speculative testimony or argument concerning future medical treatment, diagnoses, or expenses, without the

necessary evidentiary predicate, should be excluded. Aburto does not oppose this request. *Speculative* future medical treatment is not relevant to determine damages under Alabama law. *See Ala. River Grp., Inc. v. Conecuh Timber, Inc.*, 261 So. 3d 226, 263 (Ala. 2017) ("Damages may be awarded only where they are reasonably certain. Damages may not be based upon speculation." (alteration adopted) (citation omitted)). Thus, evidence of such at trial would also be irrelevant. Espy's motion in limine is GRANTED.

   2.   *Medical bills that are not properly authenticated*

Espy, in his motion in limine (docs. 58 ¶ 3 at 2), seeks to exclude any reference to medical bills without proper authentication or foundation. This motion is GRANTED.

   3.   *Medical bills not incurred*

Espy, in his motion in limine (docs. 58 ¶ 5 at 3), seeks to preclude Aburto from referring to or using medical bills satisfied by a collateral source to establish damages. Espy's motion in limine on this request is DENIED without prejudice.

### IV.   ABURTO'S MOTION IN LIMINE

A.   **Uncontested Motion**

   1.   *Testimony of witnesses not previously disclosed or evidence not previously produced*

Aburto, in his motion in limine (doc. 59 ¶ 1 at 3), seeks to preclude Espy from presenting testimony of any undisclosed witnesses and from admitting unproduced evidence. Espy does not oppose this request. This motion is GRANTED.

2. *Criminal history*

Aburto seeks to preclude Espy from producing evidence related to Aburto's alleged criminal history. (Doc. 59 ¶ 4 at 4). Espy does not oppose this request. This motion is GRANTED.

3. *Other lawsuits*

Aburto seeks to preclude Espy from producing evidence of unrelated lawsuits. (Doc. 59 ¶ 5 at 4). Espy does not oppose this request. This motion is GRANTED.

4. *Privileged communications*

Aburto seeks to preclude Espy from referencing privileged communications between Aburto and his attorneys. (Doc. 59 ¶ 9 at 6). Espy does not oppose this request. This motion is GRANTED.

5. *Medical bills not incurred*

Aburto seeks to preclude Espy from admitting Aburto's medical bills and evidence of subrogation. (Doc. 59 ¶ 11 at 7). Espy's motion in limine on this request is DENIED without prejudice.

6. *Citizenship*

Aburto seeks to preclude Espy from making any inference to Aburto's citizenship. (Doc. 59 ¶ 13 at 8). Espy does not oppose this request. This motion is GRANTED.

B. **Contested Motion**

1. *When Aburto sought legal consultation or hired an attorney*

Aburto, in his motion in limine (doc. 59 ¶ 7 at 5), argues that any reference as to when he sought legal consultation or hired an attorney should be excluded as irrelevant. Espy

contends, however, that questioning about the timing of Aburto's actions is indeed relevant and probative to the ultimate issue of this case, as it gives the jury a full chronological picture of Aburto's state of mind at the time immediately after the accident. Because relevancy is the only basis on which Aburto seeks to have this evidence excluded, and because the timing in which he sought legal consultation could be relevant under Federal Rules of Evidence 401 and 402, this motion in limine is DENIED without prejudice.

### 2. *Correlation between vehicle damage and Aburto's injuries*

Aburto argues that any testimony, argument, or opinion that correlates vehicle damage with his injuries would be irrelevant because it requires expert testimony. (Doc. 58 ¶ 10 at 6–7). However, Aburto has not established that the jury would require specialized, scientific, or technical testimony from an expert under Rule 702 to properly consider this evidence. Furthermore, as Espy maintains, both parties seek to produce pictures of the damaged vehicles in this case. It is therefore relevant under Rules 401 and 402 for the parties' counsel to comment on these photographs about, among other things, an element of Aburto's cause of action: the alleged injuries sustained in the accident. Thus, this motion is DENIED.

### IV. CONCLUSION

Accordingly, for good cause, it is

ORDERED that Espy's motion in limine (doc. 58) is DENIED to the extent that it requests preclusion of Aburto's medical bills satisfied by a collateral source. It is further

ORDERED that Espy's motion in limine (doc. 58) is GRANTED in all other respects. It is further

ORDERED that Aburto's motion in limine (doc. 59) is DENIED to the extent that it requests the exclusion of evidence pertaining to when he sought legal consultation; evidence correlating vehicle damages with his injuries; and evidence of Aburto's medical bills and subrogation. It is further

ORDERED that Aburto's motion in limine (doc. 59) is GRANTED in all other respects.

DONE this 19th day of January, 2023.

                                        /s/ Emily C. Marks
                                EMILY C. MARKS
                                CHIEF UNITED STATES DISTRICT JUDGE